UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | C/A: 4:17-cv-00018-RBH-TER |
| *Ex rel.* Erica Poston | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| | ) | |
| Lower Florence County Hospital District, d/b/a Lake | ) | |
| City Community Hospital, and Global Healthcare and | ) | |
| Rehab, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Relator Poston's request for "all public and nonpublic documents" in this action and for an extension of time to serve the complaint. (ECF No. 41). The United States has opposed Relator's request and filed a response. (ECF No. 46). Relator's request does not address any particular documents and is not directed to any particular party or others. Thus, even if this was a proper motion directed to a proper party or other, the undersigned would have to speculate as to what documents she seeks, who is in possession of any such documents, and based on what has been presented, whether any such documents may be subject to protection, in whole or in part. Therefore, Relator's request is **denied**. (ECF No. 46).

Additionally, the United States declined to intervene in this case and filed a notice of such on July 5, 2018. (ECF No. 30). The court gave Relator 45 days on August 27, 2018 to obtain new counsel. (ECF No. 36). Neither the general *pro se* grant, 28 U.S.C. § 1654, nor the FCA itself authorizes *pro se* prosecution of qui tam claims.[1] Qui tam relators are not entitled to proceed *pro se*. *U.S. ex re. Brooks v. Lockheed Martin, Corp.*, 237 Fed. Appx. 802 (4th Cir. Feb. 23, 2007). The

---

[1] It appears that Relator asserts a claim for retaliatory discharge under 31 U.S.C. § 3730(h), in addition to the qui tam claim. Relator is not prohibited form pursing the retaliatory discharge claim *pro se*.

United States is the real party in interest and such dictates against *pro se* suits. *See U.S. ex rel. Milam v. Univ. Tex.*, 961 F.2d 46, 50 (4th Cir. 1992). **Relator is given twenty-one (21) days from the date of this order to procure counsel, as she cannot proceed *pro se* in a qui tam action.[2] Counsel shall file a Notice of Appearance within that time period.**

Further, Relator's request for an extension to serve the complaint on the defendants is MOOT at this time because Relator, proceeding *pro se*, has no right to serve the original complaint as filed.

<br>

|  |  |
|---|---|
| | s/ Thomas E. Rogers, III |
| December 10, 2018 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

---

[2] Relator is put on notice that her action is subject to partial dismissal if pursued *pro se*. *See United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 Fed. Appx. 802 (4th Cir. 2007).