UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No.: 4:17-cv-00018-RBH-TER |
| *ex rel.* Erica Poston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lower Florence County Hospital | ) | |
| District, d/b/a Lake City Community | ) | |
| Hospital; and Global Healthcare and | ) | |
| Rehab, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). *See* ECF No. 54. The Magistrate Judge recommends (1) summarily dismissing the qui tam portion of Relator's claims because she is pro se and has not procured counsel after being given an opportunity to do so,[1] and (2) allowing the claim for retaliatory discharge under 31 U.S.C. § 3730(h) to continue because it can be pursued pro se.[2] *Id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may

---

[1]    *See Bond v. Hughes*, 671 F. App'x 228, 229 (4th Cir. 2016) ("[A] pro se litigant may not pursue a qui tam action on behalf of the Government under the [False Claims Act].").

[2]    *See United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("With regard to [a] claim of retaliatory discharge under 31 U.S.C. § 3730(h), such a claim may be brought pro se, because it is not a claim on behalf of the Government.").

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No party has filed objections to the R & R, and the time for doing so has expired.[3] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore **ADOPTS** the Magistrate Judge's R & R [ECF No. 54]. Accordingly, the Court **DISMISSES** the qui tam claims *without prejudice*. The claim for retaliatory discharge under 31 U.S.C. § 3730(h) will continue, and the Clerk shall terminate the United States as a party and amend the docket to reflect that Erica Poston is the sole Plaintiff.[4]

---

[3] Plaintiff's objections were due by January 28, 2019. *See* ECF Nos. 54 & 55.

[4] *See Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 418 (2005) ("'[A]ny action brought under section 3730' is limited to § 3730(a) actions brought by the United States and § 3730(b) actions in which the United States intervenes as a party, as those are the types of § 3730 actions in which the United States necessarily participates."); *Mann v. Heckler & Koch Def., Inc.*, 630 F.3d 338, 348–49 (4th Cir. 2010) ("Congress certainly did not intend for the United States to have to prove the elements of a § 3730(h) retaliation cause of action in which it could not even participate." (emphasis added) (citing *Graham Cty.*, 545 U.S. at 417–18)), *superseded by statute on other grounds as explained in United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 200–01 (4th Cir. 2018); *United States ex rel. Cody v. ManTech Int'l, Corp.*, 746 F. App'x 166, 176 (4th Cir. 2018) (explaining that "through § 3730(h), Congress created a cause of action for employees who suffer retaliation" (internal quotation marks and brackets omitted) (emphasis added)); *see, e.g.*, *Irving v. PAE Gov't Servs., Inc.*, 296 F. Supp. 3d 761 (E.D. Va. 2017) (listing "Jeffrey Irving" as the sole plaintiff in a False Claims Act retaliation case), *aff'd*, 736 F. App'x 412 (4th Cir. 2018).

2

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
January 30, 2019　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge