UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Erica Poston, | ) | Civil Action No.: 4:17-cv-00018-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Lower Florence County Hospital District d/b/a Lake City Community Hospital, and Global Healthcare and Rehab, Inc., | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Global Healthcare and Rehab, Inc.'s ("Global Healthcare") [ECF No. 90] motion to dismiss. This matter is before the Court with the Report and Recommendation ("R & R") of Magistrate Judge Thomas E. Rogers, III who recommends granting Global Healthcare's motion to dismiss.[1] *See* ECF No. 112.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

This case was originally filed by counsel as qui tam action under the False Claims Act, 31 U.S.C. § 3729, *et seq*, against Defendants Lower Florence County Hospital District d/b/a Lack City Community Hospital ("LCCH") and Global Healthcare. Plaintiff/Relator Erica Poston's ("Poston") amended complaint also alleged a claim for retaliatory discharge in violation of 31 U.S.C. § 3730(h) against Defendant LCCH. Poston's amended complaint does not allege retaliatory discharge against Defendant Global Healthcare. *See* [Amended Complaint, ECF No. 12 at ¶¶ 125-131].

On July 5, 2018, the United States filed its notice of election to decline intervention in this case and the attorney for Poston moved to withdraw as counsel. *See* [ECF Nos. 30, 31]. Poston failed to retain counsel within the time frame allowed by the Court. Because Poston could not proceed pro se on the qui tam action, the Magistrate Judge issued a Report and Recommendation recommending the qui tam claims be dismissed without prejudice leaving only the retaliatory discharge claim against LCCH pending. *See* [Report and Recommendation, ECF No. 54]. No objections were filed to the Magistrate Judge's Report and Recommendation. On January 30, 2019, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed the qui tam claims without prejudice. The only remaining claim in this case is Poston's claim for retaliatory

2

discharge against LCCH. All of the claims against Defendant Global Healthcare and Rehab, Inc. were dismissed without prejudice on January 30, 2019. Defendant Global Healthcare should have been terminated as a party and dismissed from this action on January 30, 2019. The Clerk's Office, however, neglected to terminate Global Healthcare.

On May 15, 2019, the Clerk's Office mistakenly issued a Summons to Global Healthcare. The Summons was reissued on July 15, 2019. Global Healthcare was served with the Summons and Amended Complaint on July 29, 2019. On August 1, 2019, Global Healthcare filed the currently pending motion to dismiss. The Magistrate Judge recommends granting the motion to dismiss as there are no remaining claims alleged against Global Healthcare. *See* [R&R, ECF No. 112].

Because there are no remaining claims alleged against Global Healthcare, the Court agrees with the Magistrate Judge that Global Healthcare's motion to dismiss should be granted.[2]

## **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 112]. Global Healthcare's [ECF No. 90] motion to dismiss is **GRANTED** and Global Healthcare is hereby **DISMISSED** from this action.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
November 26, 2019  R. Bryan Harwell
  Chief United States District Judge

---

[2] Despite Poston's arguments to the contrary, Global Healthcare's motion to dismiss is timely as it was filed 3 days after Global Healthcare was served with the Summons and Amended Complaint.