UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Ex rel. Erica Poston, ) | Civil Action No. 4:17-cv-0018-TER |
| ) | |
|     Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| LOWER FLORENCE COUNTY ) | |
| HOSPITAL DISTRICT d/b/a Lake ) | |
| City Community Hospital, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Plaintiff originally brought this action as a qui tam action under the False Claims Act, 31 U.S.C. § 3729, et seq. In addition to the qui tam claim against both Defendants, Plaintiff also filed a claim for retaliatory discharge in violation of 31 U.S.C. § 3730(h) against Defendant Lower Florence County Hospital District d/b/a Lake City Community Hospital (LCCH), and a claim for unjust enrichment against both Defendants. The United States declined to intervene in this case and filed a notice of such on July 5, 2018. (ECF No. 30). The attorney for Relator Erica Poston withdrew as counsel and, despite warnings that she could not proceed pro se on the qui tam action, Poston failed to retain counsel within the time frame allowed by the court.[1] As a result, the undersigned entered a Report and Recommendation (ECF No. 54) recommending that the qui tam action be dismissed, which was adopted by the District Judge (ECF No. 58). Thus, the only cause of action remaining in this case is the retaliatory discharge claim asserted against LCCH.

---

[1] Poston was put on notice that her action was subject to partial dismissal if she did not retain counsel. See United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. Appx. 802 (4th Cir. 2007).

Following service of the amended complaint, Defendant Global Healthcare and Rehab, Inc. filed a Motion to Dismiss (ECF No. 90), arguing that the court had already dismissed the only claim asserted against it. In the motion, Global asserted that the court dismissed the action with prejudice, though the order clearly states that the dismissal was without prejudice. See Order (ECF No. 58). The undersigned entered a second Report and Recommendation (ECF No. 112)[2], recommending that Global be dismissed from the action, which was adopted by the District Judge.

The matter is now before the court on Plaintiff's Motion for Sanctions (ECF No. 110, filed October 11, 2019) against Global under Fed.R.Civ.P. 11 and Fed.R.Civ.P. 37 for knowingly making a false statement to the court by stating that the qui tam action was dismissed with prejudice. Global admits its mistake[3] in its Response (ECF No. 114), filed October 28, 2019, opposing sanctions. Plaintiff asks that counsel for Global be removed from the case and that she be awarded punitive damages for the intention infliction of emotional distress.

Rule 11 includes a prefiling requirement that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2) (emphasis added). In other words, Rule 11(c)(2) requires that "[t]he party seeking sanctions ... serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only

---

[2]At the time both Report and Recommendations were filed, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. The parties have since consented to the undersigned's handling of all further proceedings in this case pursuant to 28 US.C. § 636(c) and Fed.R.Civ.P. 73.

[3]Global states in its response that "because of the lapse in time following that dismissal without appeal or reconsideration, Counsel believed it may have had prejudicial effect but still apologizes for the error." Resp. p. 1. (ECF No. 114).

if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004). "[F]ailure to comply with the procedural requirements [of Rule 11(c)(2) ] precludes the imposition of the requested sanctions." Id.

It does not appear from the record that Plaintiff served this motion on Defendant Global prior to filing it with the court.  Thus, sanctions under Rule 11 are not warranted.[4]  Plaintiff also seeks sanctions under Rule 37.  However, Rule 37 provides for sanctions for a party's failure to comply with a court order regarding discovery, which is not applicable here.  Also, while "[c]ourts ... have the inherent power to dismiss a case 'when a party deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process,'" Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 124 (4th Cir. 2019) (quoting Projects Mgmt. Co. v. Dyncorp Int'l, LLC, 734 F.3d 366, 373 (4th Cir. 2013) (citation omitted)), the misrepresentation made by Global does not appear to have been made in bad faith and had no bearing on the resolution of the motion to dismiss.  For these reasons, Plaintiff's Motion for Sanctions (ECF No. 110) is **DENIED**.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 30, 2020  
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[4]Additionally, even if the motion had been appropriately served as required by Rule 11, Defendant Global conceded its mistake within twenty-one days of the filing of Plaintiff's motion.