UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERICA POSTON, | ) | Civil Action No. 4:17-cv-0018-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| LOWER FLORENCE COUNTY | ) | |
| HOSPITAL DISTRICT d/b/a LAKE | ) | |
| CITY COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, alleges a claim for retaliatory discharge in violation of 31 U.S.C. § 3730(h) against Defendant Lower Florence County Hospital District d/b/a Lake City Community Hospital (LCCH). Presently before the court is Defendant LCCH's Motion to Dismiss Pursuant to Rules 37(b) and 41(b), Fed.R.Civ.P. (ECF No. 147). Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond adequately to Defendant's motion could result in the motion being granted, thereby ending her case. Plaintiff filed a Motion for Extension of Time (ECF No. 150) as well as a Response (ECF No. 155). This case was referred to the undersigned by consent of the parties pursuant to the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

## II.     PROCEDURAL HISTORY

Plaintiff originally brought this action as a qui tam action under the False Claims Act, 31 U.S.C. § 3729, et seq. In addition to the qui tam claim against both Defendants, Plaintiff also filed a claim for retaliatory discharge in violation of 31 U.S.C. § 3730(h) against Defendant Lower

Florence County Hospital District d/b/a Lake City Community Hospital (LCCH), and a claim for unjust enrichment against both Defendants. The United States declined to intervene in this case and filed a notice of such on July 5, 2018. (ECF No. 30). The attorney for Relator Erica Poston withdrew as counsel and, despite warnings that she could not proceed pro se on the qui tam action, Poston failed to retain counsel within the time frame allowed by the court.[1] As a result, the undersigned entered a Report and Recommendation (ECF No. 54)[2] recommending that the qui tam action be dismissed, which was adopted by the District Judge (ECF No. 58). Plaintiff's claim for unjust enrichment as well as Global Healthcare and Rehab, Inc. were also dismissed. Order (ECF No. 121). Thus, the only cause of action remaining in this case is the retaliatory discharge claim asserted against LCCH.

Defendant discovery requests on Plaintiff on January 3, 2020. Def. Discovery Requests (ECF No. 147-2). On February 11, 2020, Defendant mailed Plaintiff a letter reminding Plaintiff that her discovery responses were past due. Feb. 11 Letter (ECF No. 147-3). On February 26, 2020, Defendant mailed another letter via US mail and certified mail to Plaintiff again asking for Plaintiff's discovery responses and dates when Plaintiff is available for depositions. Feb. 26 Letter (ECF No. 147-4). Plaintiff signed acknowledging receipt of this correspondence on March 4, 2020. Return Receipt (ECF No. 147-5). Defendant never received a response from Plaintiff.

On March 10, 2020, Defendant filed a Motion to Compel and Motion for Sanctions (ECF No.

---

[1] Poston was put on notice that her action was subject to partial dismissal if she did not retain counsel. See United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. Appx. 802 (4th Cir. 2007).

[2] Prior to the parties consenting to referral of this case to the undersigned for final disposition, all pretrial proceedings were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

132). Plaintiff again failed to respond or otherwise oppose Defendant's Motion. The undersigned entered an Order (ECF No. 144) granting Defendant's Motion and directing Plaintiff to respond to Defendant's discovery responses within fifteen days of the date of the Order but declined to impose sanctions at that time. Plaintiff's deadline for compliance was September 10, 2020.

On September 15, 2020, Defendant filed the present Motion to Dismiss Pursuant to Rules 37(B) and 41(B), Fed.R.Civ.P., indicating that Plaintiff had not responded to the discovery requests as ordered by the court. After Defendant filed the Motion to Dismiss, Plaintiff filed a Motion for Extension of Time (ECF No. 150) asking the court for additional time to respond to the discovery requests at issue in the Order granting Defendant's Motion to Compel and in Defendant's Motion to Dismiss. Plaintiff also filed a Response (ECF No. 155) in opposition to the Motion to Dismiss. The undersigned entered an Order (ECF No. 159) on December 11, 2020, granting Plaintiff's Motion for Extension of Time and allowing Plaintiff an additional ten days to fully and completely respond to Defendants discovery requests, and holding an abeyance a ruling on Defendant's Motion to Dismiss and a determination as to which sanctions may be appropriate. On December 23, 2020, Defendant filed an Affidavit (ECF No. 161) of counsel notifying the court that he had not received any communication, response, or document production from Plaintiff as ordered by the Court.

### III.    DISCUSSION

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." LaFleur v. Dollar Tree Stores, Inc., No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 62 (1991)). The Court has authority pursuant to Rule 37(b)(2)(A) to sanction a party for failure to comply with a court order regarding discovery:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Rule 41(b) allows for the involuntary dismissal of an action "if the plaintiff fails to prosecute or comply with [the rules of procedure] or a court order."

The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also Rangarajan v. Johns Hopkins Univ., 917 F.3d 218, 226 (4th Cir. 2019) (discussing similar factors courts must consider prior to dismissal under Rule 41(b)). Because "[t]he legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41," Carter v. Univ. of W. Virginia Sys., Bd. of Trustees, 23 F.3d 400 (4th Cir. 1994) (unpublished), courts can combine the analysis of the question whether dismissal is appropriate under Rules 37(d) and 41(b). Taylor v. Fresh Fields Markets, Inc., No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996), aff'd, 112 F.3d 510 (4th Cir. 1997). The Court must consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Belk, 269 F.3d

at 348.

As to the first factor, the Plaintiff failed to respond to Defendant's discovery requests as required by the rules. She then failed to respond to Defendant's motion to compel or comply with the court's order granting the motion to compel and directing her to respond to Defendant's discovery requests. In addition, after Defendant filed the present motion to dismiss this case due to Plaintiff's failure to respond to discovery, Plaintiff asked the court for additional time to do so. The undersigned granted Plaintiff's request yet she still failed to comply. Further, Plaintiff has failed to provide any dates for Defendant to take her deposition. In addition, the record indicates a history of Plaintiff proceeding in a dilatory fashion. Over the course of this litigation, Plaintiff has filed multiple extensions of time (ECF Nos. 41, 96, 124, 150), and in at least two instances, failed to comply with the deadline even after the extension was granted. She has failed to respond to motions, to two reports and recommendations, and has failed to comply with a court order directing her to comply with discovery.

Defendant is prejudiced by Plaintiff's failure to participate in discovery or comply with court orders because Plaintiff has yet to provide Defendant with any information about the nature of the claims, the evidence she has to prove her claims, or the witnesses she plans to use. Defendant cannot prepare a defense to this litigation without Plaintiff's participation in the discovery process. A defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Because of the importance of discovery to any litigation, the need to deter conduct of this kind of conduct is great.

Finally, even after Plaintiff was on notice that Defendant was seeking dismissal of this action as a result of her failure to participate in discovery and that the court was considering such sanctions,

she still failed to respond to Defendant's discovery requests when given additional time to do so.[3] Thus, because of Plaintiff's failure to comply with the discovery process and court orders even under the threat of dismissal, the undersigned cannot conclude that less drastic sanctions would be effective.

## IV.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 147) is granted and this case is dismissed.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 7, 2021
Florence, South Carolina

---

[3] As noted above, Plaintiff was warned that a failure to respond adequately to Defendant's motion could result in the motion being granted, thereby ending her case. In her Response (ECF No. 155) in opposition to Defendant's motion, which was filed prior to the court's order granting her an extension of time to serve discovery requests, she mentions generally privacy concerns regarding patient identifying information and former counsel's work product. However, she did not specifically object to Defendant's discovery requests, move for a protective order, or otherwise respond in anyway to Defendant's discovery.