UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Ex rel. Erica Poston, | ) | Civil Action No. 4:17-cv-0018-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| LOWER FLORENCE COUNTY | ) | |
| HOSPITAL DISTRICT d/b/a Lake | ) | |
| City Community Hospital, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is Plaintiff's Motion for Reconsideration (ECF No. 171) of the Court's Order (ECF No. 167) dismissing this action pursuant to Fed.R.Civ.P. 37(b) and 41(b). Plaintiff's Motion consists of one paragraph:

> I kindly request that the court reconsider its motion to dismiss. It is my understanding that Rule 12(b)(6) that a complaint should not be dismissed for failure to state a claim which would entitle him to relief, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. My complaint has already addressed the merits at length, and have been verified as factual evidence. The defendant failed to respond to the complaint in its entirety, therefore preventing me, the plaintiff, to move forward with pr[o]ceedings. My efforts to obtain this information from the defendants went unacknowledged. Further efforts were also denied by the courts. Based on the above information as well as my extended time of hardship I ask the court to reconsider the order to dismiss and order the defendants to respond to the complaint in its entirety.

Motion for Reconsideration p. 1 (ECF No. 171).

The Fourth Circuit has recognized three grounds for amending an earlier judgment under Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Further, reconsideration of a judgment after its entry pursuant to Rule 59(e) is an extraordinary remedy that should be used sparingly. Id. None of Plaintiff's arguments fall within these three recognized grounds for amending a judgment.

As an initial matter, Plaintiff mentions Fed.R.Civ.P. 12(b)(6). However, this case was not dismissed pursuant to Rule 12(b)(6) for a failure to state a claim, but pursuant to Rules 37(b) and 41(b) for Plaintiff's failure to participate in the discovery process and otherwise prosecute this case. Plaintiff states that Defendant failed to response to the complaint "in its entirety," but provides no further explanation. The record reflects that Defendant filed an Answer (ECF No. 95) to Plaintiff's Amended Complaint on August 16, 2019.

Plaintiff also asserts that her efforts to obtain information from Defendant went unacknowledged and were denied by the court. The only reflection in the record regarding this argument is Plaintiff's Motion to Amend the Scheduling Order (ECF No. 124), in which she asks the court to extend the scheduling order "to allow defendants' good faith response to interrogatories, discovery. ... All interrogatories should be hand-written by defendants and not counsel." In its Order (ECF No. 143), the court noted that, to the extent Plaintiff's motion could be construed as one to compel discovery responses, "Plaintiff has failed to demonstrate how Defendant's responses were deficient." Nevertheless, as stated above, Plaintiff's arguments fail to identify an intervening change in controlling law, to account for new evidence not available at trial, or to correct a clear error of law or prevent manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 170) is **DENIED.**

**IT IS SO ORDERED.**

    s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 15, 2022  
Florence, South Carolina